# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: September 5, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| J.K.R. and J.R., as Best Friends of | * | UNPUBLISHED |
| T.J.R., their Son, | * | |
| | * | |
| Petitioners, | * | Case 09-143V |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Reasonable Basis; Reasonable Attorneys' |
| AND HUMAN SERVICES, | * | Fees and Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

John F. McHugh, Law Office of John McHugh, New York, NY, for petitioner.
Ann D. Martin, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING COSTS[1]

On March 5, 2009, J.K.R. and J.R. ("petitioners") filed a petition in the National Vaccine Injury Compensation Program on behalf of their son, T.J.R. Petitioners alleged that as a result of the vaccines he received during the first year of his life, T.J.R. suffered from pervasive developmental disorder. Second Amended Petition dated Sept. 3, 2013 (ECF No. 41).

On February 14, 2012, petitioners filed a Motion for Interim Attorney's Fees and Costs, in which they sought $6,211.92 for costs petitioners stated they had incurred during the litigation. Motion for Interim Attorney's Fees and Costs ("Interim Motion") dated Feb. 14, 2012 (ECF No. 30). Along with the motion, petitioners submitted an affidavit from J.K.R., T.J.R.'s mother. Petitioners' Exhibit ("Pet. Ex.") 19. In the affidavit, J.K.R. discussed the family's difficult financial situation and their reasons for incurring these expenses. Id.

---

[1] This decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

1

On February 27, 2012, respondent filed an opposition to petitioners' Interim Motion. Respondent's Opposition ("Resp. Opp'n") dated Feb. 27, 2012 (ECF No. 31).[2] Respondent opposed the Interim Motion on several grounds.[3] Respondent asserted that petitioners had not established that their claim had reasonable basis. Id. at 8-11. Moreover, respondent maintained that the bulk of the requested costs were past unreimbursable expenses, not true litigation costs, and therefore could only be reimbursed if petitioners were found entitled to compensation. Id. at 11-12. Petitioners filed a reply to respondent on March 15, 2012, in which they asserted that J.K.R.'s affidavit was sufficient to establish that the costs were related to litigation, not simply medical treatment. Petitioners' Reply dated March 15, 2012 (ECF No. 32). Petitioners included an additional affidavit from J.K.R., further explaining the purpose of the diagnostic tests and consultations. Pet. Ex. 21. On August 7, 2013, Special Master Vowell deferred ruling on petitioners' motion. See Order dated Aug. 7, 2013 (ECF No. 40).

On May 15, 2014, petitioners filed a status report in which they agreed to be bound by the ruling in the J.M. omnibus proceeding.[4] See Status Report dated May 15, 2014 (EFC No. 49). J.M. was dismissed for insufficient proof on August 31, 2017; therefore, the undersigned subsequently dismissed the petition in this case as well. See Decision Dismissing Petition dated Aug. 31, 2017 (ECF No. 85). On July 12, 2018, petitioners filed a Motion for Attorney Fees. Petitioners' Motion for Attorney Fees ("Pet. Mot.") dated July 12, 2018 (ECF No. 96). In this motion, petitioners ask for a decision on their Interim Motion, and do not request any additional fees or costs. Id. Respondent filed no response to this renewed motion.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned GRANTS petitioners' motion in part and awards $228.92 in costs.

I. Discussion

a. Reasonable Basis

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). "Special masters have broad discretion in awarding attorneys' fees where no

---

[2] Because the document's original page numbers appear to be incorrect, the undersigned will cite to the ECF-generated page numbers.

[3] Respondent also made several arguments specifically addressing the interim nature of petitioners' motion. See Resp. Opp'n at 2-8. Because this petition has since been dismissed, these arguments are now moot.

[4] For a more thorough description of the J.M. omnibus, as well as the Omnibus Autism Proceeding ("OAP"), see J.M. v. Sec'y of Health & Human Servs., No. 02-10, 2017 U.S. Claims LEXIS 2026, at *10-24 (Fed. Cl. Spec. Mstr. Aug. 31, 2017).

compensation is awarded on the petition." Silva v. Sec'y of Health & Human Servs., 108 Fed. Cl. 401, 405 (2012). In the interest of preserving this discretion, courts have declined to impose "a reasonable basis test that turns solely on evidentiary standards." Chuisano v. Sec'y of Health & Human Servs., 116 Fed. Cl. 276, 287 (2014). Instead, special masters have generally viewed reasonable basis as an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 303 (2011).

Although the undersigned found that petitioners were not entitled to compensation, the undersigned determines that their claim had reasonable basis. Like the other cases in the J.M. omnibus, petitioners asserted a causative theory distinct from those ruled out in the other OAP test cases. See J.M., 2017 U.S. Claims LEXIS 2026, at *38-39. Though the undersigned ultimately rejected this theory, petitioners supported it with sufficient medical records and expert testimony. Fees have been awarded in a number of the other unsuccessful cases in the J.M. omnibus, including J.M. itself. See, e.g., J.M. v. Sec'y of Health & Human Servs., No. 02-10, 2018 U.S. Claims LEXIS 209 (Fed. Cl. Spec. Mstr. Feb. 13, 2018); Fuesel v. Sec'y of Health & Human Servs., No. 02-95, 2018 U.S. Claims LEXIS 524 (Fed. Cl. Spec. Mstr. April 20, 2018); Coiro-Lorusso v. Sec'y of Health & Human Servs., No. 04-258, 2018 U.S. Claims LEXIS 590 (Fed. Cl. Spec. Mstr. May 1, 2018). Thus, the undersigned concludes that the claim had reasonable basis for the period of time covered by petitioners' motion.

### b. Reasonable Costs

The Vaccine Act provides that petitioners may be compensated for "(A) reasonable attorneys' fees and (B) other costs, incurred in any proceeding" related to their petition. 42 U.S.C. § 300aa-15(e)(1). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293, 2015 WL 5634323, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992)). Moreover, as respondent notes, these costs are distinct from "past unreimbursable expenses." See Resp. Opp'n at 11-12. Past unreimbursable expenses "resulted from the vaccine-related injury for which the petitioner seeks compensation"; "were incurred by or on behalf of the person who suffered such injury"; and "were for diagnosis and medical or other remedial care, rehabilitation, developmental evaluation," and similar services. 42 U.S.C. § 300aa-15(a)(1)(A)(i)-(iii). Such expenses may be awarded only if petitioners are found entitled to compensation. § 300aa-15(a)(1)(A)(i)-(iii)

Petitioners request $5,983 to cover a variety of medical services for T.J.R., including consultations, medical examinations, nutritional evaluations, stool analysis, urine analysis, neuro-functional assessment, allergy testing, ion profile, MMR titers, hair analysis, urine porphyrins analysis, and laboratory diagnostics. Pet. Ex. 20. The laboratory diagnostics included testing related to fatty acids, bacteriology, yeast cultures, heavy metals, and a number of other tests. Id. at 10-12. The Court did not order any of these tests, and as respondent notes, "neither of the expert affidavits submitted in [J.M.] identifies any particular test that would show that the theory petitioners have postulated would apply to [T.J.R.]." Resp. Opp'n at 11. Therefore, the undersigned concludes that these costs are most accurately classified as past unreimbursable expenses. Because the undersigned found that petitioners were not entitled to

compensation for any vaccine-related injury, the Vaccine Program cannot reimburse these expenses.

Petitioners also seek $228.92 for the cost of medical records requests and postage. See Pet. Ex. 25-37. The undersigned finds these costs reasonable and reimburses them in full.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Requested petitioners' costs: | $ 6,211.92 |
| Reduction in petitioners' costs: | $ (5,983) |
| **Total Attorneys' Fees and Costs Awarded:** | **$ 228.92** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $228.92, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.